| PROB 22 (Rev. 2/88) | | DOCKET NUMBER (Tran. Court) 2:01CR20051-001 |
|---|---|---|
| **TRANSFER OF JURISDICTION** | U.S. DISTRICT URT WESTERN DISTRICT ARKANSAS FILED MAR 21 2005 CHRIS R. JOHNSON, CLERK BY DEPUTY CLERK | DOCKET NUMBER (Rec. Court) 4:05CR00083GH |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: Ricky Ellis Lamb c/o Josh Lamb 1602 Briarwood Jonesboro, AR 72401 | DISTRICT WESTERN DISTRICT OF ARKANSAS | DIVISION Fort Smith |
|---|---|---|
| | NAME OF SENTENCING JUDGE Honorable Robert T. Dawson | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM 11-23-2003 — TO 11-22-2005 |

**OFFENSE**

Failure to Appear for Service of Sentence

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE "WESTERN DISTRICT OF ARKANSAS"

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Eastern District of Arkansas upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

1/27/05
*Date*

*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE Eastern District of Arkansas

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

February 15, 2005
*Effective Date*

*United States District Judge* (George Howard, Jr.)



◆AO 245B   (Rev. 3/01) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

| Western | District of | Arkansas |

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| v. | (For Offenses Committed On or After November 1, 1987) |
| RICKY ELLIS LAMB | Case Number: 2:01CR20051-001 |
| | Mark E. Ford |
| | Defendant's Attorney |

**THE DEFENDANT:**

X  pleaded guilty to count(s)   one (1) of Indictment on May 6, 2002

☐  pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐  was found guilty on count(s) _____
   after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 3146(a)(2) | Failure to Appear for Service of Sentence | 09/21/2001 | 1 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

☐  Count(s) _____   ☐ is   ☐ are   dismissed on the motion of the United States.

   IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 07/27/1957

Defendant's USM No.: 05010-010

Defendant's Residence Address:

3400 Blake Road

Van Buren, AR 72956

Defendant's Mailing Address:

_____SAME_____

August 26, 2002
Date of Imposition of Judgment

_____
Signature of Judicial Officer

Honorable Robert T. Dawson, United States District Judge
Name and Title of Judicial Officer

August 28, 2002
Date

This document entered on docket in compliance with Rule 32 (d) (1) and Rule 55 FRCrP

on 8/28/02 by _____

Judgment — Page 2 of 6

DEFENDANT: RICKY ELLIS LAMB
CASE NUMBER: 2:01CR20051-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of   twenty-one (21) months   . Sentence to run consecutively to defendant's imprisonment imposed on September 4, 2001, under Docket No. 2:97CR20004-002.

☐   The court makes the following recommendations to the Bureau of Prisons:

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _November 18, 2002_ to _FCI FOR_
at _Forrest City, Arkansas_, with a certified copy of this judgment.

_Cole Jeter, Warden_
UNITED STATES MARSHAL

By _____ /s/
DEPUTY UNITED STATES MARSHAL

Judgment—Page __3__ of __6__

DEFENDANT: RICKY ELLIS LAMB
CASE NUMBER: 2:01CR20051-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of    two (2) years                                    .

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 3/01) Judgment in a Criminal Ca..
               Sheet 3C — Supervised Release

Judgment—Page __4__ of __6__

DEFENDANT:     RICKY ELLIS LAMB
CASE NUMBER:    2:01CR20051-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

2. The defendant shall submit to a search of his person, property, real or personal, residence, place of business or employment, vehicle(s), and/or computers that he is known or believed to use at the request of the United States Probation Officer.

3. The defendant shall obtain and maintain employment that is not self-employment, nor shall he be employed by a family member or friend, and the employment shall be at the approval of the United States Probation Office.

AO 245B  (Rev. 3/01) Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties

Judgment — Page   5   of   6

**DEFENDANT:** RICKY ELLIS LAMB
**CASE NUMBER:** 2:01CR20051-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|        | **Assessment** | **Fine**    | **Restitution** |
|--------|----------------|-------------|-----------------|
| TOTALS | $ 100.00       | $ 1,000.00  | $ N/A           |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | ***Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|-------------------|---------------------------|-----------------------------------|---------------------------------------------|
|                   |                           |                                   |                                             |

TOTALS    $ _____    $ _____

☐ If applicable, restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   X  the interest requirement is waived for the   X  fine and/or   ☐ restitution.

   ☐  the interest requirement for the   ☐ fine and/or   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: RICKY ELLIS LAMB
CASE NUMBER: 2:01CR20051-001

Judgment — Page 6 of 6

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

☐ not later than _____ , or
☐ in accordance with ☐ C, ☐ D, or ☐ E below; or

B ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ E below); or

C ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☒ Special instructions regarding the payment of criminal monetary penalties:

If not paid immediately, any unpaid financial penalty imposed shall be paid during the period of incarceration at a rate of not less than $25.00 quarterly, or 10% of the defendant's quarterly income, whichever is greater. After incarceration, any unpaid financial penalty shall become a special condition of supervised release and shall be paid in monthly installments of not less than 10% of the defendant's net monthly household income, but in no case less than $25.00 per month, at the direction of the U. S. Probation Officer, with the entire balance to be paid in full one month prior to the termination of supervised release.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

NOV 29 2001

CHRIS R. JOHNSON, Clerk
By:_____
Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | No. 2:01CR 2005/-001 |
| ) | 18 U.S.C. § 3146(a)(2) |
| RICKY ELLIS LAMB ) | |

## INDICTMENT

The Grand Jury Charges:

### COUNT 1

On or about the 21st day of September, 2001, in the Western District of Arkansas, the defendant, **RICKY ELLIS LAMB**, having been released pursuant to chapter 207 of Title 18, United States Code, while awaiting surrender for service of sentence after conviction in the United States District Court for the Western District of Arkansas for a violation of the terms of supervised release from a conviction of Title 18, United States Code, Section 1341, a felony offense punishable by imprisonment for a term of not more than five years, in Case No.2:97CR20004-002, entitled United States v. Ricky Ellis Lamb, and having been directed by the Court to surrender to the Sebastian County Adult Detention Facility at Fort Smith, Arkansas in the Western District of Arkansas, did knowingly and willfully fail to surrender for service of sentence as ordered by the Court, in violation of 18 U.S.C. § 3146(a)(2).

A True Bill.

_____
Foreperson

TOM GEAN
UNITED STATES ATTORNEY

By: _____
Claude S. Hawkins, Jr.
Asst. U. S. Attorney
Arkansas Bar No. 77062
P. O. Box 1524
Fort Smith, AR 72902
(501) 783-5125

**1**